```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JEFFERY DELOTT,

                Plaintiff,          MEMORANDUM & ORDER
                                    08-CV-3952(JS)
        -against-

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:    Jeffrey D. Delott, Esq., Pro se
                  366 North Broadway
                  Suite 410k-3
                  Jericho, NY 11753

For Defendant:    Thomas A. McFarland, Esq.
                  United States Attorneys Office
                  Eastern District of New York
                  610 Federal Plaza
                  Central Islip, NY 11722
```

SEYBERT, District Judge:

Pending before the Court are two motions, the first is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) filed by defendant Michael Astrue, the Commissioner of Social Security ("Commissioner" or "Defendant") (Docket Entry 16), the second is a motion for judgment on the pleadings filed by Jeffrey Delott ("Delott" or "Plaintiff") (Docket Entry 23). For the reasons discussed below, Defendant's motion is GRANTED and Plaintiff's is DENIED.

BACKGROUND

Plaintiff, an attorney who represents claimants seeking Social Security Disability ("SSD") benefits, filed a complaint

against the Commissioner on September 26, 2008, requesting that the Court grant him mandamus relief from the Commissioner's decision, pursuant to 42 U.S.C. § 406(a) and 20 C.F.R. § 404.1720(d), that Plaintiff was entitled to $1,500.00 in fees, which represented $3,800.00 less than the amount it originally awarded Plaintiff ($5,300.00) for his representation of Kathleen Connolly ("Connolly"), an SSD claimant. Although it is not apparent from the face of his Amended Complaint, Plaintiff additionally seeks an order "compelling Defendant to determine immediately the amount of SSD benefits due Gayatri Persaud ("Persaud"), a second SDD claimant and to pay the correct amount of attorney fees due Plaintiff for representing Sonya Weekes ("Weekes"), a third SSD claimant." Pl.'s Mem in Opp. to Mot. to Dismiss, p. 3. The factual issues relating to each of the three SSD claimants are treated in turn.

I. Connolly's SSD Application

On September 8, 2007, and as a result of Plaintiff's successful representation of Connolly, the Commissioner sent Connolly a Notice of Award ("NOA"). The NOA informed her that she would be awarded $24,941.00, that Plaintiff's attorney fee, deducted from her SSD award, would be $5,300.00, and that she would have fifteen days from receipt of the NOA to "tell us that you disagree with the amount of the fee and give your reasons". Id., Ex. A. (Relatedly, 20 C.F.R. § 404.1720(d) requires an SSD claimant or her attorney to contest the attorney fee within 30 days.)

2

On January 1, 2008, Defendant wrote to Connolly to address the letters she had sent to the New York State Grievance Committee for the 10th Judicial District and the Nassau County Bar Association on September 28, 2007, and to the Lawyer's Fund for Client Protection and the Office of Senator Charles E. Schumer on October 15, 2007, requesting that they review the fee amount Defendant awarded Plaintiff. Declaration of James McGrath ("McGrath Decl."), ¶ 7[1]; see also McGrath Decl., Ex. C. The Defendant also noted that, despite the flurry of attorney fee complaints Connolly had been issuing, it had not received a request to review Plaintiff's $5,300.00 fee and that it would not review that decision unless Connolly furnished a good reason for not complying with the complaint deadline. McGrath Decl., ¶ 7. Four days later, Connolly responded and stated that she had indeed submitted a complaint about the fee on September 11, 2007, in which she offered reasons why the Defendant should reduce its attorney fee calculation. Id. at ¶ 9.

On April 3, 2008, Defendant informed Connolly and Plaintiff that, notwithstanding Connolly's apparent failure to successfully lodge a complaint within the required time frame, it

---

[1] Presented with a motion to dismiss for lack of subject matter jurisdiction, the district courts may consider evidence outside the pleadings. See, e.g., Morrison v. National Australia Bank Ltd., 547 F.3d 167, 170 (2d. Cir. 2008). Here, Defendant's motion to dismiss argues that the Court lacks jurisdiction to entertain Plaintiff's request for mandamus.

would review the fee amount Plaintiff could charge. Id., ¶ 10. Then, on July 14, 2008, reversing its previous attorney fee decision, Defendant notified Connolly and Plaintiff that Plaintiff's fee would be reduced from $5,300.00 to $250.00. Id., ¶ 12. After Plaintiff requested a review of this decision to dramatically reduce his fee, the Defendant reversed itself yet again and, on August 28, 2008, informed Connolly and Plaintiff that Plaintiff was entitled to attorney fees of $1,500.00 and that no further review would be available to either Connolly or Plaintiff. Id., ¶ 15.

When it became apparent that Plaintiff would not comply with Defendant's directive to reduce his fee (that is, from $5,300.00 to $1,500.00), Defendant refunded Connolly the $3,800.00 difference between the original and final awards. Id., ¶ 20.

The gravamen of Plaintiff's Complaint with respect to Connolly is that Defendant should be ordered to reverse its decision reducing Plaintiff's fee because it constituted a violation of the administrative rule that a claimant must contest an attorney fee decision within 30 days (20 C.F.R. §404.1720(d)).

## II. Persaud's SSD Application

Plaintiff filed Persaud's SSD application on March 7, 2007. Delott Aff., ¶ 57. Whereas it ordinarily takes Defendant five to six months to settle SSD applications, an initial determination of Persaud's application was not made until over a

4

year and a half after Plaintiff's filing.  And, given Persaud's work history, the amount of the SSD award was inadequate.  Id., ¶ 58.  On January 6, 2009, an employee in Defendant's Baltimore payment center confirmed that Persaud's award was not sufficient but stated that because Persaud worked both in Canada and the United States an "issue of first impression" was presented.  Id., ¶ 61.  For that reason, the employee informed Plaintiff that the matter could not be resolved absent intervention by Persaud's Congressional representative since it involved "policy" about which no employee wished to hazard a decision.  Id.  The employee further advised Plaintiff to contact another employee of Defendant's, Rosarie Boyer, but she never returned Plaintiff's calls.  Id.

Although such a claim is not apparent from the face of Plaintiff's Complaint, Plaintiff argues in his papers that "since Defendant has failed to make a decision within a reasonable period of time, it should be compelled to treat Ms. Persaud's claim as if all of her work credits were earned in the United States and ordered to pay her benefits accordingly."  Pl.'s Mem. in Opp. to Mot. to Dismiss, p. 6.

III.  Weekes' SSD Application

Finally, Plaintiff filed Weekes' application for SSD benefits on February 27, 2007; approximately six months later, Defendant issued a NOA on September 8, 2007, which stated that Weekes would receive benefits and that $1,366.75 would be set aside

for Plaintiff's fee.  See Docket Entry 31, Corrected Cabral Declaration ("Cabral Decl."), ¶ 4.  Plaintiff claims this reduces his fee by $61.75.  Pl.'s Mem. in Opp. to Mot. to Dismiss, p. 6. Plaintiff, however, never filed for an administrative review of this decision with Defendant.  Cabral Decl., ¶ 8.

On November 13, 2007, Plaintiff submitted an application for benefits in connection with Weekes' children, which, Plaintiff argues (but does not plead in his Complaint), have not been fully paid to date.  Pl.'s Mem. in Opp. to Mot. to Dismiss, p. 6.  More specifically, he contends that children's benefits are normally 50% of the primary SSD benefit, in this case $3,077.00.  Thus, Plaintiff's award should have been 25% of $3,077.00, or $769.25. Id.  Despite receiving a copy of the NOA for the children's benefits on October 6, 2009, however, Plaintiff never filed for administrative review of this decision with Defendant pursuant to 20 C.F.R. §404.1720(d).  Cabral Decl., ¶ 8.

On December 9, 2009, Defendant filed a motion to dismiss based on a lack of subject matter jurisdiction, arguing that this Court has neither mandamus jurisdiction pursuant to 28 U.S.C. § 1361 nor general federal question jurisdiction under 28 U.S.C. § 1331, nor jurisdiction over the "final decisions" of Defendant pursuant to 42 U.S.C. § 405(g).

DISCUSSION

The standard applicable to a motion to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), is well established:

> A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court, as it did here, may refer to evidence outside the pleadings. A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.

Makarova v. U.S., 201 F.3d 110, 113 (2d Cir. 2000).

I. Mandamus Jurisdiction

A writ of mandamus--an extraordinary remedy--is issued when a government official fails to comply with a specific regulatory or statutory directive. See, e.g., Nigmadzhanov v. Mueller, 550 F. Supp. 2d 540, 543 (S.D.N.Y. 2008). Its jurisdictional requirements[2], which are closely related to the merits, are

---

[2] It appears to be an open question in this circuit, in the wake of Arbaugh v. Y&H Corp., 546 U.S. 500, 515-516, 126 S. Ct. 1235, 1245 (2006), whether mandamus relief comprises jurisdictional as well as merits-based requirements or merely the latter. But see, e.g., Binder & Binder PC v. Barnhart, 481 F.3d 141, 148-49 (2d. Cir. 2007) (discussing the possibility of mandamus jurisdiction over the plaintiff's claim that the Social Security Administration violated its regulations in denying it attorney fees); see also Sharkey v. Quarantillo, 541 F.3d 75, 93 (2d. Cir. 2008) citing Anderson v. Bowen, 881 F.2d 1, 5 (2d Cir. 1989) (affirming the district court's dismissal of a request for mandamus relief on jurisdictional grounds). However, given the

7

threefold.  The plaintiff must demonstrate by a preponderance of the evidence (1) a "clear and indisputable" right to the relief sought, In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir. 1988); (2) "a plainly defined and peremptory duty on the part of the defendant to do the act in question"; and (3) that "no other adequate remedy [is] available".  Lovallo v. Froehlke, 468 F.2d 340, 343 (2d Cir. 1972).  A plaintiff cannot satisfy the second element where there is no plainly defined, clear, nondiscretionary duty.  See Anderson v. Bowen, 881 F.2d 1, 5 (2d Cir. 1989).

Here, Plaintiff argues, first, that he enjoyed the right to an attorney fee of $5,300.00 given that Defendant properly awarded it to him only to reverse itself after it decided, in violation of the 30-day complaint rule in 20 C.F.R. §404.1720(d), to accept Connolly's belated fee complaint.  Relatedly, he contends that it was Defendant's "plainly defined" and "nondiscretionary" duty to reject Connolly's complaint after the 30-day window had closed and to award Plaintiff the full fee.  The Court disagrees.

Under 20 C.F.R. § 404.1720(d)(1)[3], it is true enough that there is a 30-day window in which a claimant or her representative

---

inclination of the Binder and Sharkey courts to consider the jurisdictional requirements of mandamus, the Court finds Federal Rule of Civil Procedure 12(b)(1) an appropriate vehicle to challenge Plaintiff's request for mandamus.

[3] In systematically mis-citing to 20 C.F.R. § 404.1520, Plaintiff does nothing to further his argument that Defendant misapplied 20 C.F.R. § 404.1720(d).

may request a review of Defendant's attorney fee determination. It is also true that Defendant has conceded that it did not receive Plaintiff's complaint within that window. Def.'s Reply Mem., p. 3. However, the very next subsection of the regulation provides that:

> If you or your representative requests a review of the decision we made about a fee, but does so more than 30 days after the date of the notice of the fee determination, whoever makes the request shall state in writing why it was not filed within the 30-day period. We will review the determination if we decide that there was good cause for not filing the request on time.

20 C.F.R. § 404.1720(d)(2)(i).

Indeed, the illustrative list of examples of such good cause that follows subsection (d)(2)(i) encompasses the circumstance where "[y]ou or your representative sent the request to another government agency in good faith within the 30-day period, and the request did not reach us until after the period had ended." 20 C.F.R. § 404.1720(d)(2)(ii)(F). That example is virtually identical to the circumstances presented here: within 30 days of receiving her NOA on September 8, 2007, Connolly sent letters on September 28, 2007, to the New York State Grievance Committee for the 10th Judicial District and the Nassau County Bar Association, and on October 15, 2007, sent letters to the Lawyer's Fund for Client Protection and the Office of Senator Charles E. Schumer. The Court need not decide whether these offices strictly meet the definition of a "government agency", for the good cause

list found in 20 C.F.R. § 404.1720(d)(2)(ii) is merely illustrative. Suffice it to say that the Court cannot agree with Plaintiff that Defendant is "unable to cite any facts to support his claim that he properly exercised his duty" under § 404.1720(d)(2). Pl.'s Reply Mem., p. 3 (emphasis added). Quite the reverse: the only facts on which Defendant may have relied happen to satisfy one of the examples of good cause set forth in the regulation itself.

That the Defendant in other cases cited by Plaintiff (none of which are particularly current) has required concrete evidence of timely filing in order to satisfy the "good cause" requirement is of no moment. See Banks v. Chater, 949 F. Supp. 264, 267 (D. N.J. 1996); Lear v. Apfel, 2001 WL 179861 at *3 (E.D. Pa. Feb. 22, 2001). For if the discretionary good cause standard means anything, it must mean at least that the Defendant need not follow by rote the same checklist of proof in every case, which would amount to no discretion at all. In any event, the regulation itself encourages Defendant to find good cause in circumstances like Connolly's. See 20 C.F.R. § 404.1720(d)(2)(ii)(F).

Accordingly, under the second mandamus jurisdiction prong, the Court finds that Plaintiff cannot show by a preponderance of the evidence that the Defendant had "a plainly defined and peremptory duty," to award him the full $5,300.00. Lovallo 468 F.2d at 343.

As for Plaintiff's client Persaud, whose cause is not specified in the Complaint and on whose behalf Plaintiff seeks an order compelling Defendant to determine immediately the amount of SSD benefits due, Plaintiff has failed to establish all three prerequisites for a writ of mandamus to issue. First, he has not shown that it is <u>his</u> "clear and indisputable" right to the benefits, <u>In re Drexel Burnham Lambert, Inc.</u>, 861 F.2d at 1312; rather, he purports to seek mandamus on his client's behalf even though she is not a party to this action. (And even if she were a party to the action, <u>she</u> would likely not establish such a clear and indisputable right inasmuch as (a) Defendant, who is responsible for making such determinations in the first instance, has yet to reach a conclusion about her SSD benefits and (b) Plaintiff has furnished virtually no evidence allowing the Court to find her claim to the tenable right, much less "clear and indisputable".) Second, Plaintiff has not shown by a preponderance of the evidence that Defendant has a nondiscretionary duty to award Persaud the benefits she seeks. Third, Plaintiff cannot demonstrate that he has no other recourse besides this Court; in fact, he discusses at length the primary avenue for accomplishing his goal--Defendant's administration.

Lastly, Plaintiff does not meet the mandamus jurisdictional requirements with regard to Weekes. Defendant issued a NOA on September 8, 2007, which stated that Weekes would

11

receive benefits and that $1,366.75 would be set aside for Plaintiff's fee. See Docket Entry 31, Corrected Cabral Declaration ("Cabral Decl."), ¶ 4. Plaintiff claims this reduces his fee by $61.75. Pl.'s Mem. in Opp. to Mot. to Dismiss, p. 6. Plaintiff, however, never filed for an administrative review of this decision with Defendant. Cabral Decl., ¶ 8. Plaintiff, therefore, cannot show the absence of another "adequate remedy". Lovallo, 468 F.2d at 343. Plaintiff also complains that he was shortchanged with respect to the attorney fee in connection with Weekes' children's benefits, whose NOA he belatedly received on October 6, 2009. However, Plaintiff never filed for administrative review of this decision with Defendant pursuant to 20 C.F.R. §404.1720(d). Cabral Decl., ¶ 8. Despite the 30-day window's lapse, his late receipt of the NOA would furnish him with ample good cause to seek review before Defendant. Here too, therefore, Plaintiff cannot show the absence of another adequate remedy.

Thus the request for a writ of mandamus is DENIED.

## II. Jurisdiction Under 28 U.S.C. § 1331 and 42 U.S.C. § 405(g)

First, the Court notes that it does not have subject matter jurisdiction under 42 U.S.C. § 405(g). As a general rule, that provision only permits review of final decisions made by the defendant after a hearing to which the plaintiff was a party. See Binder & Binder PC, 481 F.3d at 149. Needless to say, Plaintiff, an attorney for SSD claimants, was not a party to any of the

Defendant's SSD decisions.

Second, though Plaintiff did not plead jurisdiction under 28 U.S.C. § 1331, he now asserts that the constitutional and statutory claims he advances, which were not pled either, invoke federal question jurisdiction. The constitutional claim alleges that by refusing to provide Plaintiff with copies of Connolly's entire SSD file and Weekes' and Persaud's NOAs prior to litigation, Defendant has violated Plaintiff's constitutional due process rights. Pl.'s Reply Mem., p. 8.

At the outset, the Court notes that, under Fed. R. Civ. P. 8(a)(1), a pleading stating a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Plaintiff has failed to comply with the Rule.

Relatedly, Plaintiff fails to satisfy Fed. R. Civ. P. 8(a)(2) in that he has not included in the Complaint a short and plain statement of his constitutional claim. See generally Compl.

Even if these pleading defects were not fatal--which they are--the Court would not have jurisdiction under 28 U.S.C. § 1331 for the constitutional claim. Plaintiff relies on Buchanan v. Apfel, 249 F.3d 485, 490 (6th Cir. 2001), which recognizes jurisdiction for this type of claim under 28 U.S.C. § 1331 where the plaintiff seeks "review of a colorable claim that the

13

Commissioner engaged in a statutory or constitutional violation" (emphasis added).

Plaintiff's constitutional Due Process Clause claim appears to be that, armed with Connolly's entire SSD file, Plaintiff would have overcome Defendant's resolve to reduce Plaintiff's fee from $5,300.00 to $3,800.00. But given that, as Plaintiff concedes, Defendant was already in possession of such material, it is unclear to the Court what good it would have done Plaintiff to receive it for the redundant purpose of bringing its contents to the attention of Defendant. In any event, the conspicuous absence of Plaintiff's constitutional claim from his complaint--and its sudden appearance as a rebuttal to Defendant's jurisdictional arguments--persuades the Court that it was "made or the purpose of obtaining jurisdiction". Bell v. Hood, 327 U.S. 678, 681-685, 66 S. Ct. 773, 90 L. Ed. 939 (1946).

Plaintiff is on firmer ground, however, with his statutory claim, at least as far as jurisdiction is concerned. In Binder & Binder PC, a law firm representing SSD claimants brought suit against the Commissioner of the Social Security Administration, claiming that the Commissioner did not have the authority to decline to certify the firm's attorney fees based on its determination that the fee was discharged in an SSD claimant's bankruptcy proceeding. 481 F.3d at 150-151. The court of appeals reversed the district court's determination that it did not have

jurisdiction under 28 U.S.C. § 1331 to entertain the claim. Id. The court then found that the best way to characterize the plaintiff law firm's claim that the Commissioner committed a statutory violation was that it arose out of property rights created by 42 U.S.C. § 406(a), which directs the Commissioner to fix a reasonable fee to compensate an SSD attorney when it makes a determination favorable to a claimant. Moving to the merits of the plaintiff's claim, the court then went on to decide that the Social Security Act did not authorize the Commissioner to enforce discharges in bankruptcy. Id. at 151.

Here, leaving to the side Plaintiff's failure to plead jurisdiction under 28 U.S.C. § 1331 (to say nothing of his failure to plead a claim arising out of property rights created by 42 U.S.C. § 406(a)), the fact that jurisdiction exists does not save Plaintiff's claim. Construing Defendant's motion as one for judgment on the pleadings[4], the Court finds that in alleging that Defendant misapplied 20 C.F.R. §404.1720(d), Plaintiff's claim

---

[4] Defendant's instant motion was filed after its Answer. After the pleadings are closed, a party may move for judgment on the pleadings. See Fed. R. Civ. P. 12(c). Additionally, the Court notes that Defendant's Second Defense is that the complaint fails to state a claim for which relief can be granted. Def.'s Ans., p. 5. The standard for assessing a motion for judgement on the pleadings pursuant to Rule 12(c)is the same as that for a Rule 12(b)(6) motion. See Cleaveland v. Caplaw Enterprises, 448 F.3d 518, 521 (2d. Cir. 2006). A complaint may be dismissed on the pleadings when it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).

cannot survive scrutiny. Plaintiff concedes that Connolly sent letters complaining about Defendant's attorney fee calculation to government officials and that the Defendant knew about the letters. Pl.'s Mem in Opp. to Def.'s Mot to Dismiss, p. 11; Delott Aff., ¶ 55.  20 C.F.R. § 404.1720(d)(2)(i) provides that the Defendant may review an attorney fee decision even if the request is made after the 30-day window when Defendant finds good cause.  The illustrative list of examples of such good cause that follows subsection (d)(2)(i) encompasses the circumstance where "[y]ou or your representative sent the request to another government agency in good faith within the 30-day period, and the request did not reach us until after the period had ended." 20 C.F.R. § 404.1720(d)(2)(ii)(F).  That is virtually identical to what Connolly did in this case.  <u>See</u> <u>supra</u> page 3.  Thus, assuming everything in Plaintiff's complaint is true, Plaintiff cannot prove that the Defendant's decision was not substantially justified and that he is "unable to cite any facts to support his claim that he properly exercised his duty" under § 404.1720(d)(2). Pl.'s Reply Mem., p. 3.

Accordingly, Defendant's motion is GRANTED.

CONCLUSION

For the reasons stated above, Defendant's motion is GRANTED and Plaintiff's motion is DENIED. The Clerk of the Court is directed to mark this matter as CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   February  18 , 2011
         Central Islip, New York

17